# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

LAZARO REGALADO,
JENNIFER REGALADO,
MAUREEN PATTERSON
on behalf of themselves and all others
similarly situated,

        Plaintiffs,                 Case No. 16-cv-60025-Williams/Simonton

v.

GREENSPOON MARDER, P.A.,

        Defendant.
_____/

<u>**CLASS SETTLEMENT AGREEMENT**</u>

**RECITALS**

1.  **Parties.**  Plaintiffs, Lazaro Regalado, Jennifer Regalado and Maureen Patterson, ("Plaintiffs"), individually as representatives of the class of persons defined below in Paragraph 8 ("Class" or "Class Members"), and Defendant, Greenspoon Marder, P.A. ("Defendant"), enter into this Settlement Agreement ("Agreement").

2.  **Nature of Litigation.**  In this lawsuit, Plaintiffs allege that Defendant engaged in unlawful collection activities by sending certain letters (as are identified in and attached to the Complaint as Exhibits A and B) that contained language in violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA").

3.  **Denial of Liability.**  Defendant denies violating the FDCPA or the FCCPA and further denies any liability to Plaintiffs and the Class for the claims alleged.  However, for purposes of

expediency, Defendant desires to settle the claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by Plaintiffs or the Class against Defendant concerning the matters alleged.

4.   Plaintiffs, individually and on behalf of the Class, desire to settle their claims against Defendant, having taken into account through Plaintiffs' counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this Settlement[1] and the likelihood that the litigation will be uncertain, further protracted and expensive.

5.   Plaintiffs' counsel has investigated the facts and the applicable law.  Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiffs' counsel considers it to be in the best interest of the Class to enter into this Agreement.

6.   In consideration of the foregoing and other valuable consideration, Plaintiffs, Plaintiffs' counsel, and Defendant agree to settle the claims of Plaintiffs and the Class, subject to the Court's approval, on the following terms and conditions.

## TERMS

7.   **Effective Date.**  This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all the following: (1) the Court's entry of a final order approving this Agreement as fair, reasonable and adequate to the Class; finding that this Agreement is fair and made in good faith; and dismissing the claims of Plaintiffs and the Class Members against Defendant without prejudice; and (2) (a) if no objection is received, the expiration of five (5) days from the time that the final approval order becomes a final, non-appealable order, or (b) if an objection is received, the expiration of five (5) days after the time the final order, judgment and

---

1. "Settlement" means the terms of the settlement between the parties and embodied by this Agreement.

decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of

five (5) days after the disposition of any such appeal from any such final order, judgment and

decree, which disposition approves the Court's final order, judgment and decree, the terms and

provisions of this Agreement, and orders the consummation of the settlement in accordance with

the terms and provisions of this Agreement.

8.   **Certification of Class.**  For the purposes of settlement only, the parties stipulate to the

certification of the Class,[2] which is defined as:

> All consumer debtors to whom Defendant has sent a collection letter, in an attempt to
> collect a consumer debt, that is identical to or in substantially the same form as the Form
> Debt Collection Letters attached as Exhibits A and B to the Complaint, at any point prior
> to the date of the filing of this Complaint to the date the Defendant ceased sending such
> letters.

Defendant states, based on their records, that approximately 262 people are in the Class.  The

parties agree and stipulate to the appointment of Plaintiffs as Class Representatives and J. Andrew

Meyer as Class Counsel.

9.   **Relief to Plaintiffs and the Class.**  Defendant shall provide the following relief to

Plaintiffs and the Class:

(a)     Defendant shall pay a total of $22,000.00 as a Class Settlement Fund to be
        distributed on a *pro rata* basis to each class member who does not timely opt out,
        object, or exclude him or herself from the class settlement;

(b)     Defendant shall pay each named Plaintiff $3,000.00 in recognition for their service
        as Class Representatives;

(c)     Plaintiffs shall be deemed the prevailing and successful party solely for purposes
        of an award of costs and attorney fees.  Defendant shall pay Plaintiffs' costs and
        attorneys' fees in the total amount of $25,000.00; and

(d)     All settlement administration costs will be paid for separately by Defendant and
        will not be deducted from the Class Settlement Fund.  Additionally, Defendant has

---

2. Excluded from the Class are Defendant, their legal representatives, assigns, and successors, and any entity in which
the Defendant has a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned as
well as the Judge's immediate family.

agreed to self-administer the settlement and claims process increasing the funds available to the class members.

(e)     Defendant has represented that it has stopped using the form of the letter at issue in the Complaint and agrees not to use the form of the letter at issue in the Complaint in any further debt collection activities.

10.   **Opt-Out Period.**  Class members shall have forty-five (45) days after mailing the notice of the proposed Settlement to opt-out of the proposed Settlement.  Any Class Member who does not wish to participate in the Settlement must provide a written notice to the Claims Administrator [3] stating an intention to be "excluded" from this Settlement ("Request for Exclusion"). This Request for Exclusion must be a written letter sent via first class certified United States mail return receipt requested to the address of the Claims Administrator, as set forth in the notice of Settlement, and be postmarked prior to the expiration of the forty-five (45) day exclusion period. The Request for Exclusion must be in writing and signed by the Class Member.  So-called "mass" or "class" opt-outs shall not be allowed.  Any Class Member who does not submit a Request for Exclusion from the Settlement has the right to object to the Settlement, but any Class Member who wishes to object must timely submit an objection as set forth in paragraph 11 below.  If a Class Member submits an objection and a written Request for Exclusion, he or she shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Agreement if approved by the Court.  However, any objector who has not timely provided their Request for Exclusion from the Settlement will be bound by the terms of the Agreement upon final approval of the Agreement unless otherwise specifically provided by the Court in its final approval order. If the Claims Administrator receives a valid, timely, and completed Request for Exclusion, the Claims Administrator shall provide a copy of such request to both Plaintiffs' Counsel and Defendant's Counsel.

---

3. "Claims Administrator" means Defendant Greenspoon Marder P.A.

11.  **Objections and Objection Period.**  Class Members shall have the right to appear and show cause, if they have any reason, why the terms of this Agreement should not be given final approval.  Any objection must be in writing, filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set forth in the notice of Settlement, no later than thirty (30) days before the final approval hearing.  Class Members may object either on their own or through an attorney hired at their own expense.  If a Class Member hires an attorney to represent him or her at the final approval hearing, he or she must do so at his or her own expense.  No Class Member represented by an attorney shall be deemed to have objected to this Agreement unless an objection signed by the Class Member is also filed with the Court and served upon Class Counsel and Defense Counsel at the addresses set forth in the notice of Settlement thirty (30) days before the final approval hearing.  Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Regalado v. Greenspoon Marder, P.A.*, Case No.: 16-cv-60025, and also shall contain information sufficient to identify and contact the objecting Class Member (or his or her attorney, if any), as well as a clear and concise statement of the Class Member's objection, documents sufficient to establish the basis for their standing as a Class Member, the facts supporting the objection, and the legal grounds on which the objection is based. If an objecting Class Member chooses to appear at the final approval hearing, no later than thirty (30) days before the final approval hearing, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear.

12.  Within thirty (30) days of the Effective Date, Defendant shall provide Plaintiffs' counsel with a check in an amount that includes the amounts contemplated by Paragraph 9(a), totaling $9,000.00.  Plaintiffs' counsel shall distribute $3,000.00 to each named Plaintiff.  In its

role as Claims Administrator, Defendant will establish a Class Settlement Fund of $22,000.00 for *pro rata* distribution as a settlement check to each class member who has not timely opted-out, objected, or excluded him or herself from the Settlement.  Settlement checks shall be void forty-five (45) days from the date of issuance. Within thirty (30) days after the Court's award of costs and attorney fees, or within thirty (30) days of the Effective Date, whichever is later, Defendant shall provide Plaintiffs' counsel with a check in the amount of costs and attorney fees in the amount of $25,000.00.

13.  Within thirty (30) days following the last void date of the Class Members' checks, the aggregate amount of any uncashed checks or undistributed funds will be paid by Plaintiffs' counsel to Equality Florida Action, Inc. as a *Cy Pres* award.

14.  **Release.**  Upon the Effective Date, Plaintiffs and the Class members ("Releasors") release and discharge Defendant and its predecessors and successors in interest, as well as any insurers, including but not limited to and present and former subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys or assigns (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasors now have or ever had against the Released Parties under any legal theory, that were brought or that could have been brought prior to the filing of this lawsuit.  This release is conditioned upon the final approval of this Agreement by the Court and the parties meeting their respective obligations stated herein.

15.  Defendant does not release its claims against any Class Members for the payment of an alleged debt.  The underlying alleged debts Defendant sought to collect from Class Members are not affected by this Agreement.  This Agreement does not prevent Defendant from continuing

to attempt to collect the debts allegedly owed by the Class Members or prevent Class Members from asserting any defenses they have to any debts that Defendant may now or in the future try to collect. Similarly, Class Members will not be estopped or precluded from asserting the alleged illegality of the debt as a defense to any state court lawsuit or as a basis for vacating any default final judgment.

16.  If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

17.  Defendant shall pay the costs of notice and settlement administration, as described above in Paragraph 9(d).  Defendant agrees to and shall pay Plaintiffs' counsel the amount of $25,000.00 for costs and reasonable attorney fees, as described above in Paragraph 9(c).

18.  **Notice.**   Within forty-five (45) days after entry of the preliminary approval order, Defendant, in its role as Claims Administrator, shall send actual notice to the last known addresses of the Class Members according to Defendant's records, as updated by a National Change of Address search performed by Defendant. Plaintiffs' counsel may direct the Defendant, in its role as Claims Administrator, to distribute the notice via any form of U.S. Mail providing address forwarding.  Each notice shall be sent with a request for forwarding addresses.  In the event that a notice is returned as undeliverable and a forwarding address is provided, the Defendant in its role as Claims Administrator shall cause to be forwarded any such returned notice to the address provided as soon as practicable.  Class Members shall have forty-five (45) days from the date notice of Settlement is initially mailed to opt-out or request exclusion.

19.  **Preliminary Approval.**  As soon as practicable after execution of this Agreement, the

parties shall make application to the Court for the preliminary approval order ("Joint Motion"), which:

      (a)     Preliminarily approves this Agreement;

      (b)     Certifies the Class defined in Paragraph 8 for settlement purposes;

      (c)     Appoints J. Andrew Meyer as Class counsel;

      (d)     Schedules a hearing for final approval of this Agreement;

      (e)     Approves the form of notice to the Class, to be directed to the last known address of the Class members as shown on Defendants' records as updated by a National Change of Address search performed by the Defendant in its role as Claims Administrator; and

      (f)     Finds that mailing of the notice of Settlement and the other measures specified in Paragraph 17 is the only notice required and that such notice satisfies the requirements of due process and *Fed. R. Civ. P. 23*.

20.  The parties will request that the Court approve the form of notice attached hereto as Exhibit 1 and will propose that the Court enter the form of preliminary approval order attached hereto as Exhibit 2.  The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

21.  **Final Approval.**  At least twenty days prior to the final approval hearing set by the Court in the preliminary approval order, Plaintiffs, Plaintiffs' counsel, and Defendant shall file a motion for final approval requesting that the Court enter a final order approving the terms of this Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, approving Plaintiffs' counsel's fee and costs, finding that the stipulated class meets the requirements of *Rule 23*, the notice given to the Class satisfies the requirements of due process and *Rule 23*, dismissing the claims of Plaintiffs and the Class without prejudice and without costs (other than provided for in Paragraphs 9 and 16 above), directing the entry of a final order and retaining jurisdiction to enforce the provisions of this Agreement.

22.   The parties agree to submit a proposed final order to the Court if requested by the Court.   The fact that the Court may require non-substantive changes in the final order does not invalidate this Agreement.

23.   **Uncashed Checks.**   On or about fourteen (14) days after the void date of the class settlement checks, Plaintiffs' counsel shall obtain from Defendant, in its role as Claims Administrator, the total number of uncashed checks and resulting amount of monies undistributed. The amounts from uncashed checks shall be distributed by Plaintiffs' counsel as described in Paragraph  13 above.

24.   **Miscellaneous Provisions.**   The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the Settlement provided for herein.   Whether or not this Agreement and the Settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

25.   The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

26.   This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes.   The several signature pages may be collected and annexed to one or more documents to form a complete counterpart.   Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

27.  Each and every term of this Agreement shall be binding upon and inure to the benefit

of the Plaintiffs, the Class, and any of their successors, personal representatives and assigns, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

28.  This Agreement shall be governed by and interpreted in accordance with the laws of the State of Florida.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on this ____ day of _____, 2017.

**For Plaintiffs and the Class**

_____

**Lazaro Regalado**

_____

**Jennifer Regalado**

_____

**Maureen Patterson**

**For Defendant Greenspoon Marder, P.A.**

_____

**by: (Name), (Title)**

EXHIBIT 1

**LEGAL NOTICE BY ORDER OF THE COURT**
**NOTICE OF CLASS ACTION SETTLEMENT**

*This notice is authorized by the United States District Court for the Southern District of Florida.*
*This is not a solicitation from a lawyer. This is not an attempt to collect a debt from you.*
*Before any money is paid, there will be a settlement approval hearing.*

If you received a debt collection letter from Greenspoon Marder, P.A., dated on or after January 4, 2015, this notice describes your rights concerning settlement of a lawsuit.

The United States District Court for the Southern District of Florida has certified for settlement as a class action a case known as *Regalado v. Greenspoon Marder, P.A.*, Case No.: 16-cv-60025. The class (the "Settlement Class") is defined as:

> All consumer debtors to whom Defendant has sent a collection letter, in an attempt to collect a consumer debt, that is identical to or in substantially the same form as the Form Debt Collection Letters attached as Exhibits A and B to the Complaint, at any point prior to the date of the filing of this Complaint to the date the Defendant ceased sending such letters.

"Form Debt Collection Letter" means a letter drafted by Greenspoon Marder, P.A. in substantially similar if not identical form as the letter attached to Plaintiffs' Complaint in the above referenced lawsuit as Exhibits A and B and that Greenspoon Marder, P.A sent to collect a debt during the Qualifying Period.

"Qualifying Period" begins on January 4, 2015 and runs through present.

In the lawsuit, Plaintiffs alleged that Greenspoon Marder, P.A. ("Defendant") violated the Florida Consumer Collection Practices Act and Fair Debt Collection Practices Act by drafting and sending the Form Debt Collection Letter to consumer debtors in Florida in its attempts to collect consumer debts. More specifically, Plaintiffs alleged the Defendant, by using the Form Debt Collection Letter, engaged in conduct which can reasonably be expected to abuse or harass Plaintiffs and asserted a right the Defendant knew did not exist. The Defendant denies that they were party to any improper or unlawful conduct, maintain that their conduct has been fair, reasonable, and in accordance with all applicable state and federal laws and regulations, deny that they have violated any federal or state statute, principle of common law or equity, rule or regulation whatsoever.

A settlement of this lawsuit has been negotiated, which may entitle you to a payment, as described below. Unless you take steps to exclude yourself from the case, you will waive your legal rights to bring a lawsuit against the Greenspoon Marder, P.A., for any claims that you have about Greenspoon Marder, P.A.'s use of the Form Debt Collection Letter during the Qualifying Period.

**YOUR LEGAL RIGHTS AND OPTIONS**

| | |
|---|---|
| **DO NOTHING TO STAY IN THE CLASS** | You will be part of this Class. You will receive a settlement payment. Upon final approval of the settlement by the Court, you will release all claims you may have against Greenspoon Marder, P.A. for conduct related to the claims in this case. |
| **EXCLUDE YOURSELF FORM THE CLASS** | Excluding yourself from the case allows you to sue Greenspoon Marder, P.A. on your own, or to be included in another lawsuit against Greenspoon Marder, P.A. regarding Greenspoon Marder, P.A.'s use of the Form Debt Collection Letter during the Qualifying Period. You will not receive any payment from this settlement. |
| **OBJECT TO THE SETTLEMENT** | If you are a Settlement Class member, you may object to the settlement if you do not like any part of it. You can give reasons for your views, and the Court will consider them. Unless you opt out, however, you will remain bound by any decisions of the Court and any final approval order. |

**These rights and options and the deadlines to exercise them are explained more fully below.**

*** Please read this Notice carefully. ***

## WHAT IS THIS LAWSUIT ABOUT?

A settlement has been reached in a class action alleging that Greenspoon Marder, P.A., unlawfully used a Form Debt Collection Letter to collect past due debts from consumers in the State of Florida.  The name of the case is *Regalado v. Greenspoon Marder, P.A.*, United States District Court for the Southern District of Florida, Case No.: 16-cv-60025. Greenspoon Marder, P.A. denies that it was party to any improper or unlawful conduct, maintains that its conduct has been fair, reasonable, and in accordance with all applicable federal and state laws and regulations, denies that it has violated any federal or state statute, principle of common law or equity, rule or regulation whatsoever.

## WHY DID I GET A SUMMARY NOTICE?

Summary Notices are being provided to all individuals who, according to the books and records of Greenspoon Marder, P.A., were sent a Form Debt Collection Letter during the Qualifying Period.  If this is true about you, then you are a member of the Settlement Class.

## WHAT BENEFITS CAN I RECEIVE AS A RESULT OF THIS SETTLEMENT?

As a part of the settlement, Greenspoon Marder, P.A. have agreed to establish a fund of $22,000.00 to pay claims to Settlement Class members.  All Settlement Class members who do not validly opt out of the Settlement Class, in accordance with the procedure described below, will receive a pro rata share of this fund by check as compensation for having received the Form Debt Collection Letter during the Qualifying Period.  In addition, Greenspoon Marder, P.A. has agreed to stop using any Form Debt Collection letters like those involved in the lawsuit and has agreed to pay the costs of administering the settlement, as well as attorneys' fees and litigation costs to class counsel in an amount not to exceed $25,000.00.

## WHO REPRESENTS ME?

Lazaro Regalado, Jennifer Regalado, and Maureen Patterson are consumers who filed this lawsuit against Greenspoon Marder, P.A.  The Court appointed them to represent all Settlement Class members, including you, in this case.  Lazaro Regalado, Jennifer Regalado, and Maureen Patterson will be applying for a service fee of $3,000.00 each as compensation for their time.

The Court has appointed J. Andrew Meyer, Esq. of Finn Law Group, P.A. to represent you and the other Settlement Class members as class counsel.  You will not be charged separately for these lawyers.  As explained in the next section, the lawyers will seek payment of their fees and costs separate and apart from settlement credit and/or monies that have been approved for the benefit of the Settlement Class members.  If you choose to be represented by your own lawyer, you may hire one at your own expense.

## DO I HAVE TO PAY THE LAWYERS REPRESENTING ME?

No.  As part of the settlement of this lawsuit, class counsel will file a motion with the Court on or before _____ seeking attorneys' fees and costs in an amount not to exceed $25,000.00 subject to the Court's approval, to be paid by Greenspoon Marder, P.A. separate and apart from the funds being made available pursuant to the Settlement Agreement.  You may obtain a copy of this motion for attorneys' fees and costs once it has been filed by contacting class counsel or by contacting counsel for Greenspoon Marder, P.A. at (954) 491-1120.

## WHAT AM I AGREEING TO IF I DO NOT OPT OUT OF THE SETTLEMENT CLASS?

Unless you exclude yourself, you will be part of the Settlement Class.  The Court orders approving the settlement and the judgment in the case will apply to you and legally bind you.

Upon final settlement approval, you unconditionally, fully and finally release and forever discharge each of the Released Parties (as defined in the Settlement Agreement) from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which you now have or ever had against the Released Parties under any legal theory, that were brought or that could have been brought prior to the filing of the lawsuit.

If you want the right to sue Defendant on your own regarding their sending the Form Debt Collection Letter to you, you must exclude yourself from the Settlement Class in this case.  If you exclude yourself, you will not be eligible to recover any benefits as a result of the settlement of the action.

## HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?

To exclude yourself from the Settlement Class in this case, you must send a letter via first class certified United States mail, return receipt requested, saying that you want to be excluded from the Settlement Class. To be valid, your exclusion request must include:

- Your full name, current mailing address, and telephone number (if any);

- A statement requesting exclusion from the Settlement Class;

- Your signature; and

- The name and number of this case: *Regalado v. Greenspoon Marder, P.A.*, Case No.: 16-cv-60025

You must mail your exclusion request to the following address so that it is postmarked no later than _____:

      Settlement Class counsel:
      J. Andrew Meyer, Esq.
      Finn Law Group, P.A.
      7431 114th Avenue, Suite 104
      Largo, FL 33773

      Counsel for Greenspoon Marder, P.A.:
      Richard Epstein, Esq.
      Meredith Leonard, Esq.
      Greenspoon Marder, P.A.
      200 East Broward Boulevard, Suite 1800
      Fort Lauderdale, FL 33301

Requests for exclusion from the Settlement Class that are not postmarked on or before _____ will not be honored. You cannot exclude yourself from the Settlement Class by telephone or email. You cannot exclude yourself by mailing a request to any other address or location, or after the deadline. You cannot exclude yourself by having an actual or purported agent or attorney acting on behalf of you or a group of Settlement Class members sign the letter. You and each and every joint account holder, if applicable, must personally sign the letter to be excluded from the class. If each and every joint account holder, if applicable, has not signed the exclusion request, then you must provide a sufficient explanation to the Court as to why each and every joint account holder cannot sign the request. The Court will review your explanation and determine whether to honor your request even though not every joint account holder has signed it. Unless the Court grants your request in that situation, you will not be excluded from the Class.

### HOW CAN I OBJECT TO THE SETTLEMENT WITHOUT EXCLUDING MYSELF FROM THE CLASS?

If you are a Settlement Class member, you may object to the settlement if you do not like any part of it. You can give reasons for your views, and the Court will consider your views. To object, you must send a signed written notice of your objection, along with (a) documents sufficient to show you are a member of the Settlement Class, (b) a detailed statement of your reasons for objecting, and (c) the grounds for such objections and any supporting documents. You must file the objection with the Clerk of the Court and serve it by hand, overnight mail, or certified mail, return receipt requested, to Settlement Class counsel and counsel for Greenspoon Marder, P.A., whose addresses are listed below. The notice must be filed with the Court and the mailed copies sent no later than _____.

      Clerk of the United States District Court
      for the Southern District of Florida
      U.S. Federal Building and Courthouse
      299 East Broward Blvd. #108
      Fort Lauderdale, FL 33301

      Settlement Class counsel:
      J. Andrew Meyer, Esq.
      Finn Law Group, P.A.
      7431 114th Avenue, Suite 104
      Largo, FL 33773

      Counsel for Greenspoon Marder, P.A.:
      Richard Epstein, Esq.

Meredith Leonard, Esq.
Greenspoon Marder, P.A.
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301

### WHAT HAPPENS IF I DO NOTHING?

You will remain a member of the Settlement Class.  Any claim you may have against Greenspoon Marder, P.A. about Greenspoon Marder P.A.'s use of the Form Debt Collection Letter during the Qualifying Period, will both be compensated and fully released, in accordance with the terms of this legal notice and the Settlement Agreement.  You will be bound by any final order entered by the Court.

### FINAL APPROVAL HEARING

The Court will hold a hearing to determine whether to grant final approval of the Settlement Agreement and will also consider at that time class counsel's request for attorneys' fees and litigation costs as well as a service award to the Plaintiffs as class representatives.  The Court will consider any objections raised by Settlement Class members and any requests for exclusion.  You may appear at this hearing, but you are not obligated to do so.  The final hearing will be held in _____, on _____ at    p.m.

### PLEASE DO NOT CONTACT THE COURT ABOUT THIS PROPOSED SETTLEMENT

### FOR MORE INFORMATION…

This notice is a summary of the current status of the case and the case settlement negotiated by counsel for parties to this action.  Do not call or write the Court or the Court Clerk's office for more information.  You may contact the class counsel listed above for additional information, or you may contact counsel for Greenspoon Marder, P.A. at (    )   -.

***********************

**You can request the complete Settlement Agreement, review class counsels' request for attorneys' fees and litigation costs, and obtain more information about your rights under the Settlement Agreement by contacting class counsel listed above.**

4

EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

LAZARO REGALADO,
JENNIFER REGALADO,
MAUREEN PATTERSON
on behalf of themselves and all others
similarly situated,

        Plaintiffs,                        Case No. 16-cv-60025-Williams/Simonton

v.

GREENSPOON MARDER, P.A.,

        Defendant.

_____/

***PROPOSED* ORDER GRANTING JOINT MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Pending before the Court is the Parties' Joint Motion for Preliminary Approval of Class

Action Settlement (DE _____) ("Joint Motion"). Pursuant to Federal Rule of Civil Procedure 23(e),

the Parties have submitted a proposed settlement agreement to the Court for preliminary approval

(the "Settlement Agreement"). The Parties seek: (1) conditional certification of the proposed class;

(2) preliminary approval of the terms of the proposed class Settlement Agreement; (3) approval of

the proposed notice to the class ("Class Notice") and the plan for dissemination of notice to the

class; (4) the appointment of J. Andrew Meyer as counsel for the class; and (5) the setting of dates

for opt-outs and a fairness hearing. After consideration of the Parties' Joint Motion and supporting

documentation, the Court makes the following findings:

1. Preliminarily, the proposed settlement of the claims of the class against Defendant
   appears to be fair, adequate, and reasonable, and therefore, within the range of
   approval.

29729717v2

2. The proposed plan to give notice to the class, described in the Settlement Agreement, is an appropriate method of providing notice to the class of the terms of the Settlement Agreement and their right to object.

3. The proposed form of the notice attached as Exhibit "1" to the Settlement Agreement is adequate and will give all class members sufficient information to enable them to make informed decisions as to whether to remain class members, object to the proposed Settlement Agreement and its terms, or opt out of the class settlement.

Accordingly, the Parties' Joint Motion for Preliminary Approval of Class Action Settlement (DE ___) is **GRANTED**, and it is **ORDERED** that:

1. Pursuant to Federal Rule of Civil Procedure 23(e), the class has been certified on the date of this Order and is defined as: All consumer debtors to whom Defendant has sent a collection letter, in an attempt to collect a consumer debt, that is identical to or in substantially the same form as the Form Debt Collection Letters attached as Exhibits A and B to the Complaint, at any point prior to the date of the filing of this Complaint to the date the Defendant ceased sending such letters (the "Class")

2. Pursuant to Rule 23, a fairness hearing will be held before the Honorable _____ on _____ in Courtroom _____. The fairness hearing will aid the Court in determining whether the proposed settlement is fair, reasonable, and adequate and should therefore be finally approved.

3. Plaintiff's counsel, J. Andrew Meyer, from the law firm of Finn Law Group, P.A, 7431 114th Avenue, Suite 104, Largo, Florida 33773, is appointed as class counsel. Telephone: (727) 214-0700. Fax: (727) 475-1494.

4.      The Class Notice, in the form attached as Exhibit "1" to the Settlement Agreement, shall be given by the designated claims administrator to the class as provided in the Parties' Settlement Agreement. No more than five (5) days before the fairness hearing, Defendant shall serve upon class counsel, an affidavit or declaration stating that the mailings were completed in accordance with the terms of the Settlement Agreement. Class members shall have forty-five (45) days from the date the Class Notice is initially mailed to opt out or request exclusion.

5.      No member of the class, or any other person, shall be heard at the fairness hearing in opposition to the proposed class settlement, class counsels' proposed attorneys' fees and expenses, or the proposed class representatives' award, unless not later than twenty (20) days before the date of the fairness hearing, such class members or other person files with the Clerk of Court and serves upon all counsel listed below as well as the claims administrator an objection containing, at a minimum, the following information: (a) your full name, address and telephone number; (b) the name of this case and the case number; (c) a written statement explaining reasons for your objection; (d) copies of any papers, briefs, or other documents you want to bring to the Court's attention; (e) any evidence you wish to introduce in support of your objection; and (f) a statement of whether you or your lawyer will ask to appear at the final approval hearing to discuss your objections. Objections shall not exceed fifteen (15) pages without prior leave of Court. Class counsel and Defendant's counsel may respond to the objections by filing memorandums of law not to exceed fifteen (15) pages in length. These responsive memorandums shall be filed with the Court no later than five (5) business days prior to the fairness hearing.

6.      Class members, or any other person objecting to the proposed Settlement

29729717v2

Agreement, shall file and serve any such objections and notices with the Clerk of Court and serve their notice of objection to the parties' counsel at the address listed below and to the Clerk of Court at the following address:

> Clerk of the United States District Court for the Southern District of Florida
> U.S. Federal Building and Courthouse
> 299 East Broward Blvd. #108
> Fort Lauderdale, FL 33301

7.     Class members, or any other persons, who fail to properly or timely file their notices and objection with the Court, or fail to timely serve such notices or objections on class counsel and counsel for the Defendant shall not be heard during the fairness hearing and the Court will not consider their objection. Any notice required by this paragraph shall be served by United States Mail, hand delivery, or facsimile transmission. Any class members who do not make his or her objection in the manner provided shall be deemed to have waived such objection. Any objection that does not comply with these requirements, is not timely filed with the Court, or is not timely served on listed counsel will not be heard by the Court.

8.     Class members who wish to exclude themselves from the class, or 'opt out,' shall send a letter that must include that person's full name, address, and telephone number, along with a statement that the person wishes to be excluded from the class, and must be signed by the class members personally. The letter must be sent not later than forty-five (45) days after the date the Class Notice is sent. The letter shall be sent to class counsel and counsel for Greenspoon Marder, P.A. at the addresses provided in the Class Notice. Any class member who submits a valid and timely written opt out notice will be excluded from the proposed settlement, will not be bound by the terms of the Settlement Agreement or any final judgment in this matter, and will not be precluded from filing or prosecuting any individual claim that person may have against Defendant.

4

9.     This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by the Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; or (2) the appropriateness of any measure of alleged loss or damages. If the Settlement Agreement is terminated pursuant to its terms or if the Settlement Agreement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in connection with the proposed settlement shall be without prejudice and to the *status quo ante* rights of the parties.

10.     All discovery and other proceedings in this action are stayed until further Order of the Court except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement.

11.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the class.

**DONE** and **ORDERED** in Miami, Florida on _____, 2017.

_____

Copies furnished to:

J. Andrew Meyer, Esq.
**FINN LAW GROUP, P.A.**
7431 114th Avenue, Suite 104
Largo, FL 33773
*Attorney for Plaintiffs*

Richard Epstein, Esq.
Meredith H. Leonard, Esq.
**GREENSPOON MARDER, P.A.**
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301
*Attorneys for Defendant*

29729717v2